DeALMEIDA, P.J.T.C.
The question before the court is what portion of distributions from a fixed-term, variable rate annuity contract are included in the annual income of a taxpayer for purposes of determining eligibility for a homestead property tax reimbursement. For the reasons explained more fully below, the court concludes that “annual income” as the term is used in N.J.S.A. 54:4-8.67 does not include distributions from a fixed-term, variable rate annuity contract that represent a return to the taxpayer of the funds used to purchase the annuity. Because the Director, Division of Taxation included in plaintiffs annual income distributions that represent the return of her original investment in a fixed-term, valuable rate annuity contract his determination that plaintiff is ineligible for a homestead property tax reimbursement for tax years 2008 and 2009 was erroneous.
I. Findings of Fact
The following findings of fact are based on evidence adduced during the trial of this matter.
Plaintiff Rita J. Hawe owns a residence in Collingswood. In March 2005, Ms. Hawe purchased a three-year, variable rate annuity contract for $75,000. A variable rate annuity contract is a tax-deferred investment vehicle, with earnings accruing tax free until such time as a withdrawal is made. In September 2008, at the end of the three-year period, plaintiff closed the annuity contract. At that time, all monies were withdrawn and $77,908 was distributed to plaintiff.
*351 Ms. Hawe submitted a timely application for a homestead property tax reimbursement for tax year 2008. She reported annual income for that year of $59,965. This amount included only $2,908 from the annuity distribution, on the theory that of the $77,908 distributed to plaintiff from the annuity only $2,908 was income, the remaining $75,000 being a return of the initial investment made in 2005 ($77,908-$75,000 = $2,908). Ms. Hawe’s federal form 1099-R reports $2,908 in interest income from the annuity for tax year 2008 for federal income tax purposes. Defendant, Director, Division of Taxation awarded plaintiff a tax year 2008 reimbursement.
Plaintiff thereafter filed a homestead property tax reimbursement application for tax year 2009, which was awarded by the Director. The details of plaintiffs income for tax year 2009 are not relevant to the issues before the court.
After a review of plaintiffs file, the Director determined that plaintiff exceeded the income eligibility cap for tax year 2008 was not eligible for a reimbursement for that year. The basis of the Director’s determination is his conclusion that the entire amount of the annuity returned to plaintiff during 2008 must be included in her income for purposes of determining eligibility for the reimbursement. The Director, therefore, considered the $77,908 received by plaintiff from her annuity in 2008 as income for purposes of the reimbursement statute. This determination put plaintiffs income above the $70,000 income eligibility cap for the reimbursement program for tax year 2008. In addition, because reimbursements for tax year 2009 are available only to those taxpayers who were eligible for a reimbursement for tax year 2008, the Director determined that plaintiff was not entitled to a reimbursement for tax year 2009.
On March 30, 2011, the Director issued to plaintiff a repayment notice demanding plaintiff repay a total of $819.78 in homestead reimbursement benefits awarded to her by the Director ($409.89 for tax year 2008 and $409.89 for tax year 2009). The notice indicates that the Director included an additional $55,300 in plaintiffs income for tax year 2008. The record is not clear why this *352 figure is not $75,000. Neither party provided an adequate explanation for what appears to be an erroneous figure on the March 30, 2011 notice. Resolution of this apparent discrepancy, however, is not necessary to determine the validity of the Director’s final determination. The parties are in agreement that the only issue before the court is whether plaintiffs 2008 income for purposes of the reimbursement program attributable to her annuity should be $2,908 or $77,908. The parties are also in agreement that if the lower figure is correct plaintiff is entitled to a reimbursement for tax years 2008 and 2009 and if the higher figure is correct plaintiff is not entitled to a reimbursement for tax years 2008 and 2009.
On December 12, 2011, after an administrative conference, the Director issued a final determination affirming the March 30, 2011 repayment notice.
On December 29, 2011, plaintiff challenged the Director’s final determination through the filing of a Complaint in this court.
A trial was held on May 2, 2012.
II. Conclusions of Law
The court’s analysis begins with the familiar principle that the Director’s interpretation of tax statutes is entitled to a presumption of validity. “Courts have recognized the Director’s expertise in the highly specialized and technical area of taxation.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (Tax 1997) (citing Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984)). The scope of judicial review of the Director’s decision with respect to the imposition of a tax “is limited.” Quest Diagnostics, Inc. v. Director, Div. of Taxation, 387 N.J.Super. 104, 109, 903 A.2d 442 (App.Div.), certif. denied, 188 N.J. 577, 911 A.2d 69 (2006). The Supreme Court has directed the courts to accord “great respect” to the Director’s application of tax statutes, “so long as it is not plainly unreasonable.” Metromedia, supra, 97 N.J. at 327, 478 A.2d 742. See also GE Solid State, Inc. v. Director, Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993) (“Generally, courts accord substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing.”)
*353 In addition, the Appellate Division has instructed this court to construe the statutes defining eligibility for homestead rebates narrowly. MacMillan v. Director, Div. of Taxation, 180 N.J.Super. 175, 178, 434 A.2d 620 (App.Div.1981), aff'd, 89 N.J. 216, 445 A.2d 397 (1982). “[T]ax preference provisions are strictly construed against those claiming exemption. This is so with regard to local property taxes. It is also true with respect to state taxes.” Ibid, (citations omitted). Where the homestead rebate “statute is outspoken and unambiguous” its terms must be strictly applied. Id. at 179, 434 A.2d 620. Accord Fedders Fin. Corp. v. Director, Div. of Taxation, 96 N.J. 376, 384-86, 476 A.2d 741 (1984); Vavoulakis v. Director, Div. of Taxation, 12 N.J.Tax 318, 329 (Tax 1992), aff'd o.b., 13 N.J.Tax 322 (App.Div.1993).
In 1975, our Constitution was amended to authorize the enactment of laws to allow homeowners and residential tenants “a rebate or a credit of a sum of money related to property taxes paid by or allocable to them at such rates and subject to such limits as may be provided by law.” N.J. Const. (1947) Art. VIII, § 1, par. 5. Since that time, the Legislature has enacted a series of homestead rebate programs for resident homeowners and tenants. Vavoulakis v. Director, Div. of Taxation, supra, 12 N.J.Tax at 323-24. Although the programs have had various names and eligibility requirements, the purpose of the programs has consistently been “the beneficent purpose of alleviating the heavy realty tax burden.” Rubin v. Glaser, 83 N.J. 299, 307, 416 A.2d 382, app. dis., 449 U.S. 977, 101 S.Ct. 389, 66 L.Ed.2d 239 (1980).
A homestead property tax reimbursement is available to any person sixty-five or more years of age or who is disabled who meets certain income limits and who, as a “homeowner, has made a long-term contribution to the fabric, social structure and finances of one or more communities in this State, as demonstrated through the payment of property taxes ... on any homestead ... used as a principal residence in this State for at least 10 consecutive years at least three of which as owner of the homestead for which a homestead property tax reimbursement is sought prior to the date that an initial application for a homestead property tax reimbursement is filed.” N.J.S.A 54:4-8.67. The amount of the *354 reimbursement is the difference between the amount of property tax due in the year for which the reimbursement is claimed and the amount due in the “base year.” Ibid. The “base year” is tax year 1997 or the first year in which a claimant becomes eligible for a reimbursement after December 31,1997. Ibid.
According to N.J.S.A 54:4-8.67, an eligible claimant for a homestead property tax reimbursement is someone who “has an annual income of ... $70,000 or less in tax year 2008----” For purpose of the reimbursement statute “ ‘[i]ncome’ means income as determined pursuant to P.L.1975, c. 194 (C.:30:4D-20 et seq.),” the statute establishing the Pharmaceutical Assistance to the Aged (“PAAD”) program. N.J.S.A. 54:4-8.67. The PAAD statute delegates to the Commissioner of the Department of Health and Senior Services the authority to adopt regulations regarding income limits for the PAAD program. N.J.S.A. 30:4D-21b.
N.J.A.C. 8:83-2.1, a regulation adopted by the Commissioner of Health and Senior Services, provides that for purposes of the PAAD program, “ ‘[a]nnual income’ means all income from whatever source derived, actually received or anticipated.” Another regulation explains, in relevant part, that
[a]ll income, taxable and nontaxable, is to be included. Examples of possible sources of income (gross income amounts unless otherwise noted) are as follows:
* * Hi
ix. Dividends;
x. Interest taxable and nontaxable;
xi. Capital gains;
* * *
xvii. Annuities (contributory and non-contributory, qualified and nonqualified)----
[N.J.A.C. 8:83—6.2(c)(l).]
As noted above, plaintiff argues that of the $77,908 distributed to her from her annuity in 2008 only $2,908 constitutes income for purposes of the homestead property tax reimbursement. The remainder, according to plaintiff, is a return of her initial investment. She notes that had she placed the $75,000 in a savings account for three years and earned $2,908 in interest, only the interest earned on her deposit would be included in income *355 under N.J.A.C. 8:83-6.2(e)(l). In addition, if plaintiff had invested $75,000 in stocks or other capital assets that she sold for $77,908 in 2008 only her capital gains of $2,908, and not the return of her capital, would be included in her income under N.J.A.C. 8:83-6.2(c)(1). She argues that the regulation’s reference to annuities must be read to apply only to distributions from annuities of amounts that do not include the return of the applicant’s original investment because the Legislature could not have intended for reimbursement eligibility to be determined by the type of investment vehicle generating income for the applicant.
In addition, plaintiff notes that under the Director’s interpretation of the law if plaintiff were to reinvest the $75,000 in another three-year annuity her initial investment would again be counted as income when, three years hence, the $75,000 is distributed to her with interest. She argues that the Legislature could not have intended for the same funds to be counted multiple times as income for purposes of the reimbursement statute.
Defendant, on the other hand, argues that the PAAD regulation defines “annual income” broadly and its specific reference to annuities is intended to sweep into income all annuity distributions. According to defendant, this is a reasonable interpretation of the statute authorizing reimbursements because the benefit is intended only for those homeowners who do not have the means to pay increases in local property taxes on their homesteads and the $75,000 distributed to Ms. Hawe was available to her in 2008 to pay her local property taxes. The Director acknowledges that the return of capital is not considered income for the purpose of assessing gross income tax, see Koch v. Director, Div. of Taxation, 157 N.J. 1, 722 A.2d 918 (1999) (holding that for purposes of the Gross Income Tax Act income does not include the return of capital from the sale of a capital asset), but argues that consideration of the return of an investment for the purpose of determining eligibility for a tax benefit is appropriate.
The court agrees with plaintiffs arguments and concludes that the Director’s interpretation of the homestead property tax reimbursement statute and the PAAD regulations is unreasonable *356 when applied to the facts presented in this case. The Legislature expressly conditioned eligibility for a homestead property tax reimbursement on an applicant’s “annual income” and not on the assets a homeowner has available in a particular tax year for the payment of local property taxes. N.J.S.A. 54:4-8.67. The PAAD program regulation, to which reimbursement eligibility is expressly linked by statute, must be interpreted to conform to the legislative directive in N.J.S.A 54:4-8.67. N.J.A.C. 8:83-6.2(c)(l) identifies various “possible sources of income,” including dividends, interest and capital gains. These categories denote an intention to include in income only gains realized by the taxpayer during the relevant tax year. The regulation does not consider an applicant’s savings account balance, stocks or capital assets to be income. It is the interest earned on a savings account, the dividends generated by stock and the capital gains realized by the taxpayer that are income under the regulation. This is because PAAD eligibility, like eligibility for a homestead property tax reimbursement, is based on income, not wealth, available assets, or withdrawals from financial accounts. This approach is a contrast to the approach taken by the Legislature with respect the Medicaid program, where eligibility for benefits in some circumstances is based on an applicant’s available resources. See In re: Keri, 181 N.J. 50, 55 n. 2, 853 A.2d 909 (2004); Mistrick v. Division of Medical Assistance, 154 N.J. 158, 712 A.2d 188 (1998). The regulation’s reference to annuities must be understood in the context of the plain language of the underlying statute.
In light of the express language of N.J.S.A. 54:4-8.67 linking eligibility for a reimbursement to “annual income,” it is not reasonable for the Director to consider the entire amount distributed to Ms. Hawe from her annuity as income when determining if she is entitled to a homestead property tax reimbursement. Of the amount distributed to Ms. Hawe, $75,000 is a return of her initial investment three years prior and not income. The $75,000 distribution does not represent an accretion to Ms. Hawe’s wealth during the tax year. The PAAD regulation identifies annuities only a source of income and does not expressly state that all distributions from annuities are income. Including in income only *357 the interest generated by the annuity does not conflict with N.J.A.C. 8:83-6.2(c), as the annuity is the source of the income earned by Ms. Hawe. The interest earned by Ms. Hawe, on the other hand, is the only income that reasonably can be said to have been earned by plaintiff during 2008 from the annuity.
While it is true that the Legislature is accorded significant leeway when enacting a tax benefit and authorizing the expenditure of State funds, that principle of law is respected by the court’s decision. Here, the Legislature exercised its prerogative to condition eligibility for a homestead property tax reimbursement on an income limit. As explained above, including in income only the interest generated by an annuity fulfills the Legislature’s directive in N.J.S.A. 54:4-8.67. The Director’s interpretation of the PAAD regulation extends N.J.S.A. 54:4-8.67 beyond its express terms. Thus, the Director’s application of the statute and regulation, while ordinarily afforded deference by the courts, may be reversed.
The Director argued that his position conforms to the longstanding interpretation of the PAAD regulations by the Department of Health and Senior Services. In support of this argument, the Director submitted an unpublished Appellate Division opinion affirming a decision by the Department of Health and Senior Services denying PAAD benefits based on distributions from an annuity. This court, of course, does not have jurisdiction to review decisions by the Department of Health and Senior Services implementing the PAAD program and offers no opinion on the correct interpretation of N.J.A.C. 8:83—6.2(c)(1) in that context. The court’s decision is limited to the Director’s use of the regulation to apply N.J.S.A. 54:4-8.67, a tax statute. In addition, the court notes that unpublished opinions, even of appellate courts, do not constitute precedent, are not binding on trial courts and shall not be cited by any court as precedent. R. 1:36-3.
Because the court has determined that plaintiff is eligible for a homestead property tax reimbursement for tax year 2008, the Director’s denial of a reimbursement for tax year 2009 also must be reversed. The only grounds offered by the Director for his *358 decision with respect to tax year 2009 is that the benefit is not available in that year for a taxpayer who failed to qualify for a reimbursement in tax year 2008.
The court will enter a Final Judgment reversing the Director’s Final Determination.